UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAMIN HANIFF,

      Plaintiff,

v.                                       Case No: 6:23-cv-1065-JSS-EJK

CLEAR BLUE INSURANCE
COMPANY,

      Defendant.

## ORDER

This cause comes before the Court on the Defendant's Motion to Compel Records from Non-Party (the "Motion") (Doc. 26), filed September 26, 2024. Neither Plaintiff nor the third party have responded to the Motion, and the time for doing so has passed. Local Rule 3.01(c). Upon review, the Motion is due to be denied.

This is a breach of contract claim pursuant to a homeowners insurance policy for alleged damage that occurred from Hurricane Ian. (Doc. 1-1.) Defendant moves for an order compelling third party, Jescon, Inc., to produce information contained in the Rule 45 Subpoena (the "Subpoena") (Doc. 26-3), served March 20, 2024. (Doc. 26.) The Subpoena is directed at Jescon, Inc., in White Plains, New York. (Doc. 26-3.) However, the place of compliance listed on the Subpoena states as follows: "Records may be emailed to ddavila@smsm.com and mfbpleadings@smsm.com instead of appearing at Segal McCambridge, Fort Lauderdale, FL 33304." (*Id.* at 3.) Jescon, Inc., has not responded to the Subpoena.

Rule 45 sets forth the process for a party to obtain certain information from non-parties via subpoenas. Objections to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Rule 45 provides authority for a party, such as Defendant, to seek an order of compliance from a non-party. The Rule states: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

The Subpoena, as drafted, cannot be enforced in the Middle District of Florida because it directs Jescon, Inc., to produce documents at a location beyond Rule 45(c)'s 100-mile geographical limit. Pursuant to Federal Rules of Civil Procedure 45(a)(1)(A)(iii) and 45(c)(2), "[e]very subpoena must . . . command each person to whom it is directed to [produce documents] at a specified time and place[,]" which must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 45(c)(2). The Subpoena directs documents to be produced in Fort Lauderdale, Florida, which is more than 100 miles from White Plains, New York, and the Motion provides no information on whether Jescon, Inc., regularly transacts business in Florida. Moreover, Defendant has not provided the Court with authority for the proposition that the production of documents can be made to an email address to avoid application of the 100-mile geographical limit rule.

Accordingly, it is **ORDERED** that Defendant's Motion to Compel Records from Non-Party (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 29, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE